IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| MEGAN WHITTINGTON,<br><br>       Plaintiffs,<br><br>v.<br><br>SHENANDOAH COUNTY J&DR COURT,<br>et al.<br><br>       Defendants. | Case No. 5:21-cv-00066-TTC |

## MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS

Defendant Shenandoah County Juvenile and Domestic Relations District Court[1] ("J&DR District Court"), by counsel, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss all claims asserted against it in the Complaint and Request for Injunction ("Complaint") filed by pro se plaintiff Megan Whittington.

This Court lacks subject matter jurisdiction because: (i) the J&DR District Court, as an arm of the Commonwealth of Virginia, possesses Eleventh Amendment immunity that bars Plaintiff's claims; and (ii) the *Younger* doctrine bars federal district court interference with ongoing state court proceedings. The Complaint also fails to state a claim upon which relief may be granted and fails to establish a right to injunctive relief.

---

[1]  The Complaint names as a defendant the "Shenandoah County Juvenile and Domestic Relations Court." Compl. at 3, ECF No. 5. The Court's proper name is Shenandoah County Juvenile and Domestic Relations District Court.

1

## I.    FACTUAL ALLEGATIONS

Plaintiff and her minor son, A.S., were involved in a series of cases in the J&DR District Court.[2] Plaintiff filed this action because she takes the position that her constitutional rights were violated in the proceedings.

### A.  A.S.'s J&DR District Court matters

Due to A.S.'s truancy, on March 26, 2020, a school official filed a Child in Need of Supervision ("CHINS") Petition. Ex. 1. On August 13, 2020, prior to A.S.'s first appearance on the CHINS Petition, a petition alleging that A.S. had committed assault and battery against a relative was filed. Ex. 2. Plaintiff and A.S. appeared before the Honorable Chad Logan ("Judge Logan") on September 22, 2020 for a hearing on the CHINS petition and arraignment on A.S.'s assault and battery charge. Ex. 3. Judge Logan found that A.S. was a CHINS and ordered that A.S. comply with certain terms and conditions. *Id.* The CHINS and assault and battery matters were continued to October 27, 2020. *Id.*

On October 14, 2020, a pretrial violation petition alleging that A.S. had missed a drug test was filed. Ex. 4. As a result, A.S. was placed in juvenile detention. Ex. 5. Plaintiff and A.S. appeared before Judge Logan on October 16, 2020 for the initial hearing on the pretrial violation. Ex. 6. During that hearing, Judge Logan appointed counsel for A.S., found probable cause to support the pretrial violation petition, and ordered that A.S. remain in detention pending trial. *Id.* Plaintiff and A.S. were ordered to return to Court on October 27, 2020. *Id.,* Ex. 7.

---

[2]   "A federal court may consider matters of public record such as documents from prior state court proceedings in conjunction with a Rule 12(b)(6) motion," and "without having to convert the Rule 12(b)(6) motion to one for summary judgment." *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). Accordingly, the J&DR District Court refers to the pleadings and orders from the underlying matters involving Plaintiff and A.S. Because juvenile court records are confidential pursuant to Va. Code § 16.1-305, the J&DR District Court has mailed the exhibits referenced herein to the Court and filed a Motion to Seal the documents.

Plaintiff and A.S. appeared before Judge Logan on October 27, 2020 for a hearing on A.S.'s CHINS petition, assault and battery charge, and pre-trial violation. Ex. 8 ("On the disposition date, mother…."), *See also*, Compl., ECF No. 5-1, at 1. After making certain findings, Judge Logan ordered that A.S. remain in detention until the next hearing. *Id.* Judge Logan also noted that he would release A.S. from detention prior to the next hearing if the court services unit and the guardian ad litem submitted an agreed order. *Id.*

On November 4, 2020, Judge Logan entered an order, which was endorsed by A.S.'s counsel and the guardian ad litem, to release A.S. from detention. Ex. 9. Pursuant to the order, A.S. was to reside with Cheryl and Vince Jimenez on house arrest, and Plaintiff was to have supervised visitation. *Id.* at 1.

A.S. next appeared in the J&DR District Court on November 10, 2020 for adjudication of the assault and battery and pretrial violation matters. Ex. 10 at 1. Plaintiff attended the hearing. *Id.* at 5. A.S. was ordered to continue to temporarily reside at the Jimenez residence on house arrest. *Id.* at 4.

The next hearing was on December 3, 2020 for disposition of A.S.'s assault and battery charge and review of the CHINS case. Ex. 11. Again, Plaintiff attended that hearing with her son. *Id.* at 1. Judge Logan dismissed the assault and battery charge, allowed A.S. to return home, ordered Plaintiff and A.S. to participate in and cooperate with certain family services, and continued the CHINS case for review. *Id.* at 2-4.

On January 14, 2021, Judge Logan reviewed A.S.'s CHINS case.[3] Ex. 12. Judge Logan ordered that all prior conditions of A.S.'s CHINS matter were to remain. *Id.* at 3.

---

[3]   Plaintiff, who was in jail for her own legal matters, discussed *infra*, appeared before the J&DR District Court at the same time.

Next, Plaintiff appeared with A.S. in the J&DR District Court on March 11, 2021 for review of the CHINS case. Ex. 13. Judge Logan set conditions on A.S.'s behavior, ordered that A.S. was to continue to reside in the Jimenez household[4], and released A.S. from monitoring. *Id.* at 2-3.

### B. Plaintiff's J&DR District Court Cases

On August 10, 2020, Plaintiff was arrested for assault and battery of a family member. Ex. 14. When she did not show up to the initial hearing on September 17, 2020, a capias for failure to appear was issued. *Id.* at 1.

While in court with A.S. on September 22, 2020, Plaintiff was arraigned on the capias and appointed counsel. Ex. 15 at 1. Both the assault and battery charge and the capias were continued to October 27, 2020. *Id*. at 2. On October 27, 2020, Plaintiff's capias trial was set for December 10, 2020. Ex. 16.

Plaintiff, however, did not appear in the J&DR District Court on December 10, 2020 for the capias trial. *Id.* at 1. Judge Logan issued a second capias. Ex. 17. Then, A.S.'s probation officer reported to Judge Logan that Plaintiff and A.S. had failed to attend a meeting as required by the December 3, 2020 CHINS order. Ex. 18. As a result, Judge Logan issued a show cause on December 30, 2020. Ex. 19.

Plaintiff appeared with an attorney for trial on January 14, 2021. *Id.* at 2, Ex. 14 at 2, Ex. 17 at 2. She plead guilty to failure to appear to the December 10, 2020 capias trial and was ordered to serve 10 days in jail. Ex. 17 at 2. Judge Logan found Plaintiff guilty of contempt for failure to obey the December 3, 2020 CHINS order and given a 10-day suspended sentence. Ex. 19 at 2.

---

[4]     Based on the J&DR District Court's record, although Judge Logan ordered that A.S. could return home on December 3, 2020, it appears that A.S. was living in the Jimenez residence on March 11, 2021.

Finally, Judge Logan also found Plaintiff guilty of assault and battery, gave Plaintiff a 30-day suspended sentence, and ordered Plaintiff to comply with the recommendations of the Shenandoah County Department of Social Services ("DSS"), including in-patient drug treatment. Ex. 14 at 2.

The next relevant event occurred on February 8, 2021, when DSS filed a show cause motion for Plaintiff's failure to obey Judge Logan's January 14, 2021 order requiring her to comply with DSS recommendations. Ex. 20. On March 11, 2021, Plaintiff failed a drug test. Ex. 13 at 4. The prosecutor filed a motion to revoke Plaintiff's suspended sentence on the assault and battery case for failure to obey Judge Logan's January 14, 2021 order. Ex. 21.

A hearing on the February and March motions occurred on March 25, 2021. Ex. 22 at 2, 4. Judge Logan found Plaintiff guilty of contempt on both motions and revoked Plaintiff's previously suspended 10-day and 30-day sentences. *Id.* By counsel, Plaintiff appealed both rulings to the Shenandoah County Circuit Court ("Circuit Court"). Ex. 23; *see also*, *Commonwealth v. Whittington*, Nos. CR21-288 and CR21-291 (Shenandoah Cir. Ct. 2021); Compl., ECF No. 5, at 9. The Circuit Court matters remain pending and are currently set for trial on January 3, 2022. Ex. 24.

### C. This Federal Court Action

Plaintiff's allegations arise from her and A.S.'s J&DR District Court proceedings. *See generally* Compl., ECF No. 5. The Complaint names five defendants: "The Shenandoah County Commonwealth of Virginia," DSS, former DSS employee Stephanie Cool-Danner, DSS supervisor Heather Frost, and the J&DR District Court. *Id.* at 2-3. Invoking 42 U.S.C. § 1983, Plaintiff alleges that she was denied due process and equal protection under the Fifth and Fourteenth Amendments, and that her right to intimate association was violated. *Id.* at 4, 7-8. Plaintiff also alleges a conspiracy against her rights pursuant to 18 U.S.C. § 241. *Id.* at 8. The Complaint makes no specific allegations against the J&DR District Court itself. To the extent the

Court interprets Plaintiff's allegations against Judge Logan as allegations against the J&DR District Court, Plaintiff alleges Judge Logan: (1) treated her unfairly during the September 22, 2020 hearing on A.S.'s CHINS petition, *see* Compl., ECF No. 5-1 at 1; (2) improperly allowed A.S. to be removed from Plaintiff's home without a dispositional hearing, court order, or sufficient evidence, *see* Compl., ECF No. 5 at 7-8, ECF No. 5-1 at 1-2; (3) retaliated against Plaintiff for filing complaints against the J&DR Court and DSS by sentencing her to serve time for failing to appear on a matter involving Plaintiff's brother, *see* Compl., ECF No. 5 at 7; and (4) wrongfully convicted her and sentenced her to jail on March 25, 2021, *see id.* at 9. Plaintiff seeks injunctive relief "so [she] do[es] not have to suffer wrongful arrest…due to fictitious allegations of violating a court order." *Id.* at 7. She also asks for compensatory and punitive damages of unspecified amounts. *Id.*

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) tests a court's subject matter jurisdiction over a plaintiff's claims. "The plaintiff has the burden of proving that subject matter jurisdiction exists." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). In deciding a Rule 12(b)(1) motion, "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id*. The court must, however, "view[] the alleged facts in the light most favorable to the plaintiff, similar to an evaluation pursuant to Rule 12(b)(6)." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Dismissal under Rule 12(b)(1) is proper "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law," *Evans*, 166 F.3d at 647, but "a federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction." *Lovern*, 190 F.3d at 654.

### B. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has stated a claim. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff is required to state facts sufficient to "raise a right to relief above the speculative level," alleging a claim that is plausible rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). To determine whether Plaintiffs' claims meet this plausibility standard, the Court should take as true all well-pleaded facts in the Complaint and any attachments. *See Sec'y of State for Defense v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). While the Court should "draw[] all reasonable factual inferences from those facts in the plaintiff's favor," *Edwards*, 178 F.3d at 244, it need not "accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019).

The Court may also "consider matters of public record such as documents from prior state court proceedings in conjunction with a Rule 12(b)(6) motion," without converting the Rule 12(b)(6) motion to one for summary judgment. *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). Finally, while it liberally construes pro se litigants' pleadings to avoid inequity, the Court is not a pro se litigant's advocate. *See Gordon v. Leeke*, 574 F.2d 1147, 1152-53 (4th Cir. 1978).

### III. ARGUMENT

#### A. This Court lacks subject matter jurisdiction.

##### i. Eleventh Amendment immunity bars Plaintiff's claims against the J&DR District Court, which is an arm of the Commonwealth of Virginia.

The Court should dismiss Plaintiff's claims under Rule 12(b)(1) because the J&DR District Court is entitled to Eleventh Amendment immunity as an arm of the Commonwealth of Virginia.[5] The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. While the Eleventh Amendment by its terms makes no mention of suits against a state by its own citizens, it is well-established that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

The Eleventh Amendment reinforces the common law doctrine of sovereign immunity, specifically ensuring "that the State cannot be sued in federal court at all, even where the claim has merit, and the importance of immunity as an attribute of the States' sovereignty is such that a court should address that issue promptly once the State asserts its immunity." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 482 n.4 (4th Cir. 2005). As is the case here, "Eleventh Amendment immunity represents a real limitation on a federal court's federal-question jurisdiction." *Idaho v. Coeur D'Alene Tribe*, 521 U.S. 261, 270 (1997).

The Eleventh Amendment applies not just to the states themselves, but also to "state agents and state instrumentalities." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). It absolutely protects states and their agencies and departments from suit in federal court, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). *See also P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (explaining

---

[5] "Difficult as it may be to describe precisely the nature of Eleventh Amendment immunity, the recent trend appears to treat Eleventh Amendment immunity motions under Rule 12(b)(1)." *Va. Uranium, Inc. v. McAuliffe*, 147 F. Supp. 3d 462, 466 n.4 (W.D. Va. 2015).

that the *Ex parte Young* exception to Eleventh Amendment immunity is inapplicable to "the States or their agencies, which retain their immunity against all suits in federal court").

In Virginia, "[t]he state court system is an arm of the state government and is thus immune from suit under the 11th Amendment." *Thorne v. Hale*, No. 1:08-cv-00601, 2009 U.S. Dist. LEXIS 25938, at *34 n.9 (E.D. Va. Mar. 26, 2009). *See, e.g.*, *Tucker v. Ben. Fin. I, Inc.*, No. 7:14-cv-000673, 2015 U.S. Dist. LEXIS 5591, at *3-4 (W.D. Va. Jan. 16, 2015) (finding that the Circuit Court of the City of Roanoke is entitled to Eleventh Amendment immunity); *Smith v. Smith*, No. 7:07-cv-00117, 2007 U.S. Dist. LEXIS 76087, at *13 (W.D. Va. Oct. 12, 2007) (finding that Prince William County Circuit Court is entitled to Eleventh Amendment immunity).

The Constitution of Virginia empowers the General Assembly to establish a system of state courts, *see* Va. Const. art. VI, § 1, and the General Assembly has exercised this power to establish the Shenandoah County Juvenile and Domestic Relations District Court. *See* Va. Code Ann. §§ 16.1-69.6(26), 16.1-69.7. Juvenile and Domestic Relations District Courts were created to address "paramount concerns of the Commonwealth." Va. Code Ann. § 16.1-227. In fact, the Complaint makes it clear that Plaintiff's allegations against the J&DR District Court are actually against the Commonwealth. Compl., ECF No. 5, at 9 ("The conduct of the Commonwealth of Virginia has been outrageous and extreme."); ECF No. 5-1, at 2 ("The Commonwealth of Virginia never allowed an initial hearing….") Thus, this federal court action against the J&DR District Court is the same as an action against the Commonwealth of Virginia itself and is barred by the Eleventh Amendment. Because the Court lacks subject matter jurisdiction to adjudicate Plaintiffs' claims against the J&DR District Court, these claims should be dismissed.

> ii. **The Younger abstention doctrine bars Plaintiff's attempt to involve a federal court in ongoing state court criminal cases.**

The Court should also dismiss Plaintiff's request for injunctive relief under Rule 12(b)(1) based on the *Younger* abstention doctrine, which "requir[es] federal courts to refrain from interfering with ongoing state judicial proceedings that implicate important state interests." *Briggman v. Commonwealth*, 526 F. Supp. 2d 590, 604 (W.D. Va. 2007). *See Younger v. Harris*, 401 U.S. 37 (1971). The doctrine "expresses a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances" and "recognizes that state courts are fully competent to decide issues of federal law." *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 251 (4th Cir. 1993). "*Younger* mandates that a federal court abstain from exercising jurisdiction and interfering with a state proceeding if (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." *Briggman*, 526 F. Supp. 2d at 604.

This federal action arises in part from Plaintiff's March 2021 convictions in the J&DR District Court that were appealed to and are currently pending in the Shenandoah County Circuit Court. Compl., ECF No. 5, at 9; *see also*, *Commonwealth v. Whittington*, Nos. CR21-288 and CR21-291 (Shenandoah Cir. Ct. 2021). The convictions arose of out A.S.'s CHINS case, Plaintiff's conviction for assault and battery of a family member, and Judge Logan's order requiring Plaintiff to comply with DSS recommendations. The state action implicates the Commonwealth's substantial interest in the welfare of children, family relations, and holding offenders accountable for their behavior. *See* Va. Code Ann. § 16.1-227; *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."). The Court should permit Virginia's courts to continue to adjudicate the case without interference.

Plaintiff has the right to raise her federal constitutional challenges to the show cause motions in Shenandoah Circuit Court, and if further appealed, in Virginia's appellate courts. *See* Va. Code Ann. §§ 16.1-296 (allowing de novo trial of J&DR District Court convictions in circuit court); 17.1-405(3) (allowing appeals from circuit courts to the Court of Appeals of Virginia in domestic relations cases); 17.1-406 (effective January 1, 2022) (allowing appeals of right from circuit courts to the Court of Appeals in criminal cases); 17.1-410(B) (effective January 1, 2022) (allowing appeals from the Court of Appeals to the Supreme Court of Virginia). Thus, the *Younger* abstention doctrine bars this federal court action, and dismissal is proper.

### B. The Complaint fails to state any claim upon which relief may be granted.

#### i. Plaintiff's Section 1983 claim fails because the J&DR District Court is not a "person" against whom a claim can be asserted under 42 U.S.C. § 1983.

Plaintiff makes a claim against the J&DR District court pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 5, at 4. "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). A state "is not a 'person' within the meaning of § 1983." *Id.* at 65. *See, e.g.*, *Fields v. Robinson*, No. 2:06cv36, 2006 U.S. Dist. LEXIS 82897, at *13 (W.D. Va. Nov. 14, 2006) ("[A]n action brought under § 1983 must be brought against a 'person,' and the Commonwealth of Virginia is not considered a 'person' for the purpose of a suit under § 1983."). As *Will* plainly instructs, § 1983 does not provide a cause of action against the J&DR District Court, which is an arm of the Commonwealth. Accordingly, all claims within the Complaint pursuant to § 1983 should be dismissed.

#### ii. No private right of action exists under 18 U.S.C. § 241.

Plaintiff invokes 18 U.S.C. § 241 as a basis for her claims against the J&DR District Court. *See* Compl., ECF No. 5, at 8. That statute, however, is a criminal statue which imposes punishments for civil rights violations. It is well-settled law that "private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) (citing *Touche Ross & Co. v. Redington*, 442 U.S. 560, 578 (1979)). Unless a statute demonstrates intent to create a private remedy, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Id.* at 286-87 (citations omitted).

In this case, Plaintiff has not pointed to any private right created by § 241 affording her the right to sue. Moreover, there is no express language in § 241 demonstrating that Congress intended to create such a right, nor could one be inferred. *See Fromal v. Lake Monticello Owners' Ass'n*, No. 3:05cv67, 2006 U.S. Dist. LEXIS 4877, at *4 (W.D. Va. Jan. 23, 2006) (finding no private right of action under § 241). Accordingly, Plaintiff cannot invoke § 241 to make a civil claim.

### iii. The Complaint fails to establish a claim for deprivation of procedural or substantive due process.

Plaintiff alleges that she was denied procedural and substantive due process. *See* Compl., ECF No. 5, at 4, 7-8, ECF No. 5-1 at 1. To establish a procedural due process violation, a plaintiff must show that she did not have notice of a proceeding or the opportunity to be heard. See *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). With respect to substantive due process, a plaintiff must allege an act that "shocks the conscience." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). In other words, the conduct must amount to "a brutal and inhumane abuse of official power [that is] literally shocking to the conscience." *Temkin v. Frederick County Commissioners*, 945 F.2d 716, 720 (4th Cir. 1991), *cert. denied*, 502 U.S. 1095 (1992) (internal quotations omitted).

Plaintiff has not stated a plausible due process claim under either analysis. The facts alleged in the Complaint and the attached J&DR District Court records demonstrate that Plaintiff had notice and participated in the relevant proceedings. Thus, Plaintiff's procedural due process claim fails and should be dismissed.

Likewise, Plaintiff has not alleged a plausible deprivation of substantive due process. No act is sufficiently described which is brutal, inhumane, or "shocks the conscience." Plaintiff merely makes conclusory and speculative accusations of improper rulings by Judge Logan while ignoring the fact that she participated in the proceedings, she was represented by counsel in her own criminal matters, and A.S. was represented by counsel and a guardian *ad litem* in his criminal and CHINS matters. Thus, Plaintiff's attempt to make a substantive due process claim fails as well.

### iv. The Complaint fails to establish a claim for deprivation of Plaintiff's fundamental right to raise A.S.

Plaintiff alleges that the removal of A.S. from her custody deprived her of her fundamental right to intimate association under the First Amendment. *See* Compl., ECF No. 5, at 8; ECF No. 5-1 at 1. More accurately, the applicable right is the Fourteenth Amendment fundamental right of parents to raise their children. *Troxel v. Granville* 530 U.S. 57, 65-67 (2000) (analyzing the interest of parents in the care, custody, and control of their children as a fundamental liberty interest under the Fourteenth Amendment). Because the Complaint fails to establish a procedural or substantive due process claim, Plaintiff's claim for deprivation of the right to raise A.S. should also be dismissed.

### v. The Complaint fails to establish an equal protection violation.

The Complaint alleges that Plaintiff was denied equal protection under the Fourteenth Amendment. *See* Compl., ECF No. 5, at 4. The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal

protection of the laws." *U.S. Const. Amend. XIV, §1*. Thus, "[t]he [Equal Protection] Clause requires that similarly-situated individuals be treated alike." *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). To make out a claim under the Equal Protection Clause, a plaintiff must demonstrate that she has been treated differently from others similarly situated and that the unequal treatment was the result of intentional discrimination. *Sandlands C & D LLC v. County of Horry,* 737 F.3d 45, 55 (4th Cir. 2013) (holding that there is no equal protection claim where the plaintiff does not establish that he was treated differently or subject to purposeful discrimination).

The Complaint fails to state an equal protection claim because it does not allege that Plaintiff was treated differently from any other individual or subjected to intentional discrimination. Additionally, the Complaint fails to identify a similarly situated comparator. As such, Plaintiff's equal protection claim must be dismissed pursuant to Rule 12(b)(6).

### vi. The Complaint fails to state a claim for injunctive relief.

Plaintiff requests injunctive relief "so [she] does not have to suffer wrongful arrest." Compl., ECF No. 5 at 7. "A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. NRDC*, 555 U.S. 7, 20 (2008).

First, Plaintiff fails to demonstrate that she is likely to succeed on the merits. As discussed herein, Plaintiff has failed to plead sufficient facts to support violations of the Due Process or Equal Protection clauses, the record of the underlying J&DR District Court proceedings contradict Plaintiff's allegations, and the criminal statute cited by Plaintiff does not create a private right of action. Thus, Plaintiff cannot show that she is likely to succeed on the merits of her claims against the J&DR District Court.

Second, the Complaint does not demonstrate that Plaintiff is likely to suffer irreparable harm without injunctive relief. "To establish irreparable harm under a preliminary injunction analysis, the movant must make a 'clear showing' that *it* will suffer harm that is neither remote nor speculative but actual and imminent." *Mt. Valley Pipeline, LLC v. 6.56 Acres*, 915 F.3d 197 (4th Cir. 2019) (internal quotations and citation omitted) (emphasis added). Plaintiff's appeals of her criminal convictions are currently pending in the Circuit Court, and, if convicted, she may appeal to the Court of Appeals of Virginia. *See* Va. Code §§ 17.1-405, 17.1-406. Thus, she has not demonstrated that the federal court's involvement in the state court matters will prevent irreparable harm.

Third, in any event, any possible irreparable harm Plaintiff may experience in the future without injunctive relief must be balanced against the harm the Commonwealth of Virginia and the public interest would suffer if the Court interferes with the Commonwealth's judicial process. To do so would improperly expand the federal court's authority beyond that that established by the Supreme Court's *Younger* doctrine.

Thus, the pleadings do not support a claim for injunctive relief.

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant the Motion to Dismiss, dismiss Plaintiff's claims against the J&DR District Court with prejudice, dismiss the J&DR District Court from further proceedings in this action, and grant any other relief that the Court deems just and proper.

Respectfully submitted,

SHENANDOAH COUNTY JUVENILE
AND DOMESTIC RELATIONS
DISTRICT COURT

By:   /s/ Brittany A. McGill
              Counsel

Mark R. Herring
Attorney General of Virginia

Marshall H. Ross
Senior Assistant Attorney General/Trial Section Chief

*Brittany A. McGill, VSB No. 92401
Assistant Attorney General
Office of the Attorney General
202 N. 9th Street
Richmond, VA 23219
Phone: 804-786-0082
Fax: 804-371-2081
bmcgill@oag.state.va.us

*Sheri H. Kelly, VSB No. 82219
Assistant Attorney General
Office of the Attorney General
204 Abingdon Place
Abingdon, Virginia 24211
Phone: 276-628-2964
Fax:    276-628-4375
skelly@oag.state.va.us
*Counsel for Shenandoah County Juvenile and Domestic Relations District Court*

## **CERTIFICATE**

I hereby certify that on the 29th day of November, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

Megan Whittington
120 Hottel Road
Woodstock, VA 22664
*Pro se Plaintiff*

RSW Regional Jail VA
Megan Whittington
6601 Winchester Road
Front Royal, VA 22630
*Pro se Plaintiff*

By:    /s/ Brittany A. McGill
         Brittany A. McGill