UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| MEGAN WHITTINGTON, ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| v. ) | Civil Action No.: 5:21-CV-66 |
| ) | |
| THE SHENANDOAH COUNTY ) | |
| COMMONWEALTH OF VIRGINIA, ) | |
| et al, ) | |
| ) | |
| *Defendants* ) | |

## DEFENDANT SCDSS'S MEMORANDUM
## IN SUPPORT OF MOTION TO DISMISS

Defendant Shenandoah County Department of Social Services (SCDSS), by counsel, files this memorandum in support of its motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 17, and states as follows:

Plaintiff filed this lawsuit against SCDSS and others arising out of the alleged removal of her minor son from her home and various state judicial proceedings pertaining to same. She asserts claims under the First, Fifth, and Fourteenth Amendments as well as 18 U.S.C. § 241. Defendant SCDSS moves to dismiss the claims against it as it is not an entity subject suit and as an arm of the state is entitled to Eleventh Amendment immunity.

### ARGUMENT

**I.      Standard of Review.**

A motion to dismiss under **Rule 12(b)(1)** tests the court's subject matter jurisdiction over a plaintiff's claim. The plaintiff bears the burden of establishing that jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). When a defendant makes a facial challenge to subject

matter jurisdiction based upon the allegations in the complaint, the Rule 12(b)(6) standard applies: the facts alleged in the complaint are taken as true. *Kerns v. United States*, 585 F.3d 187,192 (4th Cir. 2009). However, if a defendant challenges the factual predicate of subject matter jurisdiction, the trial court may consider evidence without converting the proceeding to one for summary judgment. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). The burden of proving subject matter jurisdiction in this circumstance is on the plaintiff, the party asserting jurisdiction. *Id*. The presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction. *Kerns*, 585 F.3d at 192.

A motion to dismiss under **Rule 12(b)(6)** tests the legal sufficiency of the plaintiff's complaint to determine if it has properly stated a claim. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint fails to state a claim upon which relief can be granted when no relief is available under any set of facts that could be proven consistent with the allegations of the complaint. *Swierkiewicz v. Suprema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992 (2002). In determining the sufficiency of a complaint, Rule 8 requires that a plaintiff plead more than unadorned, the-defendant-unlawfully-harmed-me-accusations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). A pleading that offers labels or conclusions or a formulaic recitation of the elements of a cause of action is insufficient. *Id*. The claim must be plausible on its face. *Id*. The plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Plaintiff must plead more than a sheer possibility. *Id*. Naked assertions devoid of further factual enhancement are insufficient to meet the pleading standard in Rule 8. *Id*.; *U.S. ex rel. Oberg v. Penn. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th

TimberlakeSmith
Staunton, VA
540.885.1517

Cir. 2009). Facts that are merely consistent with a defendant's liability fall short of the pleading standard. *Iqbal*, 556 U.S. at 678. The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id* .

**II. The SCDSS is not an entity that has the capacity to be sued.**

In order for a claim to be plausible under the *Iqbal-Twombly* pleading standard, it must be asserted against an entity that has the capacity to be sued. *Braxton v. Wythe Cty. Dep't of Soc. Servs.*, No. 7:19CV00718, 2020 U.S. Dist. LEXIS 3640, at *1-2 (W.D. Va. Jan. 9, 2020). Whether a governmental body is an entity capable of being sued is a matter of state law. *Avery v. County of Burke*, 660 F.2d 111, 113-14 (4th Cir. 1981); Fed. R. Civ. P. 17(b)(1).

In Virginia, an operating division of a governmental entity cannot be sued unless the legislature has vested the operating division with the capacity to be sued. *Muniz v. Fairfax Cty. Police Dep't,* No. 1:05cv466, 2005 U.S. Dist. LEXIS 48176, at *4 (E.D. Va. Aug. 2, 2005) (dismissing Fairfax Police Department since the Code of Virginia did not provide that the FPD could be sued as a separate entity it was not capable of being sued) *aff'd* 185 F. App'x 230 (4th Cir. 2006)(per curiam); *see also, Ross v. Franklin Cty. Dep't of Soc. Servs.*, 186 F. Supp. 3d 526, 534 (W.D. Va. 2016)(dismissing county department of social services as lacking the capacity to be sued). Specifically, the enabling statutes for local departments of social services do not delegate to them the power to be sued. *See* Va. Code Ann. § 63.2-324 (local departments of social services are under the supervision and management of a local director); *Id*. §§ 63.2-325, 63.2-332 (the local board of social services appoints and supervises the local director); *Id*. § 63.2-332 (the local director has the powers and performs the duties outline by law).

Consistent with prior decisions in this District, the SCDSS should be dismissed as it lacks the capacity to be sued. *See Braxton*, 2020 U.S. Dist. LEXIS 3640, at *1-2 (dismissing claims against the Wythe County Department of Social Services las it acks the capacity to be sued); *Ross*, 186 F. Supp. 3d at 534 (dismissing claims against the Franklin County Department of Social Services as it lacks the capacity to be sued).

### III.     The claims against SCDSS are barred by the Eleventh Amendment.

The claims against SCDSS concern the alleged removal of plaintiff's minor son from her home which she claims violated the First, Fifth, and Fourteenth Amendments, as well 18 U.S.C. § 241. The claims against SCDSS should be dismissed under the Eleventh Amendment as SCDSS is considered to be an arm of the Commonwealth and is not a local governing body or a "person subject to suit under 42 U.S.C. §1983. *See Scott v. Wise Cty. Dep't of Soc. Servs.*, No. 2:20CV00014, 2020 U.S. Dist. LEXIS 191272, at *5 (W.D. Va. Oct. 15, 2020) (holding that the Wise County Department of Social Services is entitled to Eleventh Amendment immunity); *Doe v. Mullins*, No. 2:10CV00017, 2010 U.S. Dist. LEXIS 74080, at *4 (W.D. Va. July 22, 2010) (holding that the Wise County Department of Social Services is not a "person" for the purpose of seeking damages under § 1983).

The Eleventh Amendment bars lawsuits brought against states. *See Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974). The Eleventh Amendment defense is in the nature of a jurisdictional bar so that it need not be raised in the trial court. *Id*. 415 U.S. at 678; *see also Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005) (Eleventh Amendment immunity has attributes of both subject-matter jurisdiction and personal jurisdiction). The purpose of the Eleventh Amendment is to prevent the indignity of subjecting a state to the coercive process of judicial tribunals at the instance of private parties. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-45, 121 L. Ed. 2d 605, 113 S. Ct. 684

TimberlakeSmith
Staunton, VA
540.885.1517

(1993). This jurisdictional bar applies regardless of the nature of the relief sought, including equitable remedies. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 908 (1984)

A public entity, other than the state, may be entitled to immunity if, in its operations, the state is the real party in interest. *Ram Ditta v. Md. Nat'l Capital Park & Planning Com.*, 822 F.2d 456, 457 (4th Cir. 1987). To be the real party in interest, the state need not be named as a defendant. *Id*. It is only necessary that the named party be the alter ego of the state. *Id*. In *Ram Ditta*, the Fourth Circuit articulated a four-part test to determine whether an entity is immune under the Eleventh Amendment. *See Id.* at 456. The most important consideration is whether the state treasury will pay any judgment that might be awarded. *Id*. at 457. The other three factors that the court is to consider are whether the state entity exercises a significant degree of autonomy from the state; whether it is involved with local versus state-wide concerns; and how it is treated as a matter of state law. *Id*. at 457-58.

It has long been the law in the Fourth Circuit that in Virginia, local departments of social services are entitled to Eleventh Amendment immunity. *See Bockes v. Fields*, 999 F.2d 788, 791 (4th Cir. 1993) (holding that the Grayson County Department of Social Services is immune from suit in federal court under the Eleventh Amendment). With respect to the primary factor, the law is clear that any judgment against SCDSS or its employees would be paid out of the state treasury. *See Bockes v. Fields*, 999 F.2d 788, 791 (4th Cir. 1993). By statute, the Commonwealth funds a risk management plan for political subdivisions of the Commonwealth, which is administered by the Department of the Treasury, Division of Risk Management (DRM). Va. Code Ann. § 2.2-1839. The plan protects against liability imposed by law for damages against the Commonwealth's political subdivisions. *Id*. The DRM assumes sole responsibility for plan management and compliance. *Id*. The DRM provides for the legal defense of the plan members and a trust fund is established for payment of claims covered under such plan. *Id*. Funds are invested in this trust according to Va.

TimberlakeSmith
Staunton, VA
540.885.1517

Code Ann. § 2.2-1806, which provides for the investment of funds in the state treasury. *Id*. Thus, since claims against SCDSS are paid from a trust funded by the state treasury, the Virginia Department of Treasury would be responsible for paying any judgment which would result from an action.

The other three factors laid out in *Ram Ditta* also support the conclusion that the SCDSS is immune under the Eleventh Amendment. Under Virginia law, local departments of social services are required to perform child welfare services subject to the direction of the State Commissioner of Social Services and in accord with regulations adopted by the State Board of Social Services. Va. Code Ann. § 63.2-319. The supervision of local social services departments is entrusted to the Commissioner of Social Services and the State Board of Social Services. *Wolf v. Fauquier Cty. Bd. of Supervisors*, 555 F.3d 311, 321 (4th Cir. 2009). Local social service boards and their corresponding departments administer social services locally, "[s]ubject to the supervision of the Commissioner [of Social Services] and in accordance with the regulations passed by the State Board" of Social Services. *Fields v. Prater*, 566 F.3d 381, 383 (4th Cir. 2009). Indeed, local directors are considered the agents of the Commissioner. *Id*.; Va. Code Ann. § 63.2-333. Local directors who do not meet personnel standards established by the State Board can be removed by the Commissioner. *Fields*, 566 F.3d at 383; Va. Code Ann. § 63.2-327.

This high degree of state control and the corresponding lack of local department autonomy, combined with the payment of any judgment out of the state treasury, compels a finding that SCDSS acts as an arm of the state and is entitled to Eleventh Amendment immunity.

## CONCLUSION

For the foregoing reasons, Defendant SCDSS respectfully requests that this Court dismiss the claims against it with prejudice and afford it such other and further relief as this Court deems appropriate.

SHENANDOAH COUNTY DEPARTMENT
OF SOCIAL SERVICES

By Counsel

By: /s/ Rosalie Pemberton Fessier
Rosalie Pemberton Fessier
VSB # 39030
Brittany E. Shipley
VSB # 93767
Attorneys for Defendants SCDSS & Cool-Danner
Timberlake**Smith**
25 North Central Avenue
P. O. Box 108
Staunton, VA 24402-0108
phone: 540/885-1517
fax: 540/885-4537
email: rfessier@timberlakesmith.com
bshipley@timberlakesmith.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2021, I have electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Brittany Ashley McGill, Esquire
Sheri Hiter Kelley, Esquire
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, VA  23219
*Counsel for Shenandoah County J&DR Court*

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

        Megan Whittington
        120 Hottel Road
        Woodstock, VA   22664
              *pro se plaintiff*

        /s/ Rosalie Pemberton Fessier
        Rosalie Pemberton Fessier
        VSB # 39030
        Brittany E. Shipley
        VSB # 93767
        Attorneys for Defendants SCDSS & Cool-Danner
        Timberlake**Smith**
        25 North Central Avenue
        P. O. Box 108
        Staunton, VA 24402-0108
        phone:  540/885-1517
        fax:     540/885-4537
        email:  rfessier@timberlakesmith.com
                bshipley@timberlakesmith.com