IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| MEGAN WHITTINGTON,<br><br>        Plaintiffs,<br><br>v.<br><br>SHENANDOAH COUNTY J&DR COURT,<br>et al.<br><br>        Defendants. | Case No. 5:21-cv-00066-TTC |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER**

Defendant Shenandoah County Juvenile and Domestic Relations District Court[1] ("J&DR District Court"), by counsel, pursuant to Local Civil Rule 11(c), files this Memorandum in Opposition to the Motions to Reconsider filed by *pro se* plaintiff Megan Whittington (ECF Nos. 36 and 37). For the reasons stated below, the J&DR District Court respectfully requests that the Motions be denied.

**I.  RELEVANT PROCEDURAL HISTORY**

Plaintiff's allegations arise from J&DR District Court proceedings involving Plaintiff and her son. *See generally* ECF No. 5. The Complaint invokes 42 U.S.C. § 1983 for Plaintiff's claims against the Defendants. *Id.* at 4, 7-8.

The J&DR District Court moved to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 10. Plaintiff did not respond to the

---

[1]  The Complaint names as a defendant the "Shenandoah County Juvenile and Domestic Relations Court." ECF No. 5 at 3. The Court's proper name is Shenandoah County Juvenile and Domestic Relations District Court.

1

Motion to Dismiss. *See* ECF No. 35 at 1. On January 14, 2022, the Court found that the J&DR Court is not an "individual" subject to suit under § 1983. *Id.* Accordingly, the Court granted the J&DR District Court's Motion to Dismiss and dismissed Plaintiff's claims. *Id.* at 2.

Plaintiff now asks the Court to reconsider its dismissal order. *See generally* ECF Nos. 36 and 37. Specifically, Plaintiff asks the Court to reverse the dismissal order, reopen her case against the J&DR District Court, and grant relief to her. ECF No. 36 at 1-2. She contends that she intended to respond to the J&DR District Court's Motion to Dismiss, but she was unable to do so. *Id.*; ECF No. 37 at 1.

## II.   LEGAL STANDARD

Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure allow federal trial courts to alter judgments. This Court, however, has noted that a motion to reconsider "'should be analyzed only under Rule 59(e) if it was filed no later than [28] days after entry of the adverse judgment and seeks to correct that judgment.'" *Deane v. Marshalls, Inc.*, No. 5:11-cv-135, No. 2012 U.S. Dist. LEXIS 179955, at *1-2 (W.D. Va. Dec. 18, 2012) (quoting *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 412 (4th Cir. 2010)) (alteration in original). Plaintiff's Motions to Reconsider do not indicate which Federal Rule she intends to invoke. Since Plaintiff filed the Motions within 28 days of the entry of the judgment, and she asks the Court to reverse its ruling, the Court should analyze Plaintiff's Motions to Reconsider only under Rule 59(e). *See Mendez v. Leu*, No. 7:20-cv-00046, 2022 U.S. Dist. LEXIS 6099, at *1 (W.D. Va. Jan 12, 2022) (treating a motion titled "Motion for Reconsideration" and filed within 28 days of judgment as a Rule 59(e) motion).

Rule 59(e) allows the Court to amend or alter a final judgment under narrow circumstances. *See Pac. Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) ("reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.") The Court may only alter or amend a judgment when "the movant shows (1) an

2

intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson*, 599 F.3d at 407. However, a party may not use a Rule 59(e) motion to simply "relitigate old matters." *Mendez*, 2022 U.S. Dist. LEXIS 6099 at *1 (citation and internal quotation marks omitted); *see also Alana v. Clarke*, No. 2:18-cv-205, 2018 U.S. Dist. LEXIS 231540, at * 1 (E.D. Va. Oct. 31, 2018) ("Rule 59(e) motions are not a tool with which an unsuccessful party may rehash the same arguments and facts previously presented.")

### III. ARGUMENT

#### A. Plaintiff merely repeats the allegations in the Complaint.

The Court should deny the Motions to Reconsider because Plaintiff merely repeats the allegations she makes in her Complaint. Neither Plaintiff's Motions to Reconsider nor her briefs in opposition to Defendants' Motions to Dismiss address the Court's reason for dismissing the J&DR District Court from this action. Plaintiff provides no argument or reason why the J&DR District Court, as a matter of law, is subject to a § 1983 suit. Moreover, Plaintiff also fails to address any of the other arguments raised by the J&DR District Court in its Motion to Dismiss, thereby conceding that she has no defense to these additional grounds supporting dismissal. The Court should not consider Plaintiff's rehashing of her factual allegations as grounds to reverse its ruling on the J&DR District Court's Motion to Dismiss. *See Mendez*, 2022 U.S. Dist. LEXIS 6099 at *1; *Alana*, 2018 U.S. Dist. LEXIS 231540, at * 1.

#### B. None of the circumstances for altering or amending the judgment under Rule 59(e) exist.

##### i. No intervening change in the controlling law has occurred.

Plaintiff does not—and cannot—argue that an intervening change in the controlling law requires alteration of the judgment. The Court found that the J&DR District Court cannot be sued under § 1983 pursuant to controlling law. ECF No. 35 at 1. There has been no intervening change in the law cited in the Court's dismissal order.

### ii. Plaintiff does not present any new evidence.

Plaintiff does not—and cannot—present any new evidence not previously available to the Court which demonstrates that the J&DR District Court is an individual subject to suit under § 1983.

### iii. There has not been a clear error of law or a manifest injustice.

First, the Court properly ruled in accordance with controlling law when it held that the J&DR District Court is not subject to suit under § 1983 and granted the J&DR Court's Motion to Dismiss. Plaintiff's Motions to Reconsider do not note any error of law within the judgment, and the Court made no such error.

Second, the Court's judgment does not amount to a manifest injustice. Plaintiff indicates that she failed to respond to the J&DR District Court's Motion to Dismiss because she was "sidetracked with the response [she] received from [Defendants] Danner and the Shenandoah County Department of Social Services," ECF No. 36 at 1, and because she has been "extremely overwhelmed" "due to the extreme oppression [she is] suffering caused by [D]efendants," ECF No. 37 at 1. Plaintiff concedes that she had her opposition brief(s) prepared, but simply neglected to file it. ECF No. 36 at 1. "I honestly don't know what I was thinking." *Id.* Plaintiff's failure to file a brief in opposition to the J&DR District Court's Motion to Dismiss does not amount to manifest injustice within the meaning of Rule 59(e). *See Robinson*, 599 F.3d 403, 408-410. Plaintiff's failure to respond to the Motion to Dismiss aside, the Court's judgment does not amount

to manifest injustice because the Court followed prevailing precedent. Even if Plaintiff had timely filed her opposition brief, she would be unable to overcome the fact that the J&DR District Court cannot be sued under § 1983.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motions to Reconsider, and grant any other relief that the Court deems just and proper.

                        Respectfully submitted,

                        SHENANDOAH COUNTY JUVENILE
                        AND DOMESTIC RELATIONS
                        DISTRICT COURT

                        By:   /s/ Brittany A. McGill
                                  Counsel

Jason S. Miyares
Attorney General of Virginia

Steven G. Popps
Deputy Attorney General

Marshall H. Ross
Senior Assistant Attorney General/Trial Section Chief

*Brittany A. McGill, VSB No. 92401
Assistant Attorney General
Office of the Attorney General
202 N. 9th Street
Richmond, VA 23219
Phone: 804-786-0082
Fax: 804-371-2081
bmcgill@oag.state.va.us

*Sheri H. Kelly, VSB No. 82219
Assistant Attorney General
Office of the Attorney General
204 Abingdon Place
Abingdon, Virginia 24211
Phone: 276-628-2964
Fax:    276-628-4375

skelly@oag.state.va.us
*Counsel for Shenandoah County Juvenile and Domestic Relations District Court*

## CERTIFICATE

I hereby certify that on the 10th day of February, 2022, I electronically filed the foregoing Memorandum in Opposition to Plaintiff's Motions to Reconsider with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

Megan Whittington
120 Hottel Road
Woodstock, VA 22664
*Pro se Plaintiff*

By:   /s/ Brittany A. McGill
       Brittany A. McGill
