CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

MAR 02 2022

JULIA C. DUDLEY, CLERK
BY: /s/ K. Dotson
DEPUTY CLERK

# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

Megan Whittington "pro se"

    *Plaintiff,*

v.

The Shenandoah County Commonwealth
of Virginia et al.

    *Defendants,*

The Shenandoah County Department of Social Services,
The Shenandoah County Juvenile & Domestic Relations Court

Case No. 5:21-cv-00066

## Amended Request for Reconsideration

    Megan Whittington "pro se" plaintiff now comes and humbly request that this Honorable Court will take judicial notice of her standing under Federal rules of evidence 201(B) where it cannot reasonably be disputed that I have no legal representation. I am not trained in law and legal procedures, and I am not licensed to practice law. My family and I have continuously suffered for more than a year caused by the defendant's tortious conduct. I filed more than 100 complaints with Virginia state officials beginning after my son was wrongfully convicted of truancy in September 2020. The government had no compelling reason to have ever interfered with parental rights. Proving Extraordinary case Prima Facie Under Section 1983

    The motion to dismiss filed by defendants, were granted on January 14, 2022, caused by unintentional neglect and inadvertence, a complete surprise that was directly related to the conduct of the defendants and each of them having caused me more than loss of life and liberty. This case is extremely important to me, my life is what I have been fighting for. The defendants have caused me and my family to endure extreme mental and emotional distress in the process of legal error. Numerous actions of state and local agencies have committed tortious conduct causing constitutional violations under color of law 18 USC section 242 maliciously with reckless disregard for the safety and well-being of plaintiff and child.

    I respectfully request that the honorable court will acknowledge the facts pertaining to the complaint filed concerning the unconstitutional removal of a child without warrant. My son and I were deprived of life and liberty, without ever being afforded, to notice, or a fair trial providing ample grounds for civil rights action under U.S.C. 42 Section 1983. Each defendant's reckless disregard for the safety and well-being of the plaintiff and child created an excessive risk of harm to both. The plaintiff's suit is based upon the unlawful removal of a child from parental custody without a warrant. Plaintiff and son almost 17 at that time were forcibly separated without reason and defendants did not relent in their sustained campaign of attack on plaintiff, even when they knew it to be unwarranted. Single parent and child suffered shock, fear, indignity, terror and apprehension due directly to each defendant's ongoing conduct. Plaintiff and child were separated for 11 months not ever afforded a hearing regarding the removal completely alienating me with no probable cause and no allegations had been made against me, violating the right to substantive due process under the Fourteenth Amendment with no allegations of abuse, neglect, or maltreatment being made as well as violating all procedural due process rights with no court hearing ever scheduled to allow me to defend myself against any allegations against me at a meaningful time in a meaningful place.

**Proving Subject Matter Jurisdiction**

The Fifth Amendment of the U.S. Constitution includes due process clause stating that no person shall be deprived of life, liberty, or property without due process of law, guaranteeing all persons have a fair trial. Constitutional rights have been violated by government employees working as state and local officials, causing deprivation of federal constitutional rights. State and local officials have committed tortious conduct in a pattern of legal error, causing an 11-month separation of single parent and child without warrant or probable cause without ever afforded a hearing. The extreme and outrageous conduct of the defendants maliciously alienated me from my son with no probable cause to have ever intervened with parental rights proving the existence of constitutional violation. Government action has violated fundamental rights to life and liberty. 18 U.S. Code 241 deprived personal liberty without due process of law violating the 5th and 14th Amendments. Unlawful search and seizure without probable cause, conspiracy against rights threatened with intimidation.18 USC 242 violation of civil rights under color of law with no set of facts or evidence to ever support false allegations causing wrongful conviction false arrest and false imprisonment. Decisions concerning the care and custody of one's own child constitutes a significant interference with the exercise of a fundamental constitutional right.

I, Megan Whittington "pro se" re-allege that all actions caused by each defendant named in the filed complaint acted under the color of state law. The defendants used their position of authority to damage the interest of plaintiff. The defendant's actions were outrageous by any standard of decency, yet they acted even in the knowledge that their conduct would likely result in serious damage to plaintiff and child with reckless disregard for parent the parent and child well-being. Throughout this process of legal error, each defendant's conduct was malicious and oppressive with the intention of causing injury if not carried out with deliberate indifference and the callous disregard of Plaintiff and child's rights & well-being. Prior to the matters discussed my son now 18 years old and was not involved with Shenandoah County Juvenile and Domestic Relations Court prior to alleged truancy

Familial Association rights under The Fourteenth Amendment Guarantees that parents and children will not be separated by the state without due process of law except in an emergency refer to *Virginia Code 63.2 – 1517 authority to take no child into custody*, government officials including social workers violate these rights if they remove a child from the custody of a parent without a warrant unless they first conduct a reasonable investigation and then the information that they possess at the time of seizure is such as provides a reasonable cause to believe there was imminent danger. Municipal policy or practice was the "moving force–See Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397 (1997) Municipal decisions and actions have caused deprivation of life and liberty. The obvious pattern/course of (mis)conduct that is ignored (I.e., failure to discipline) Need for more/different training, supervision, and discipline so obvious that failure to do so constitutes "deliberate indifference:" with clear and persistent pattern of unconstitutional conduct. whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy. See Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 98 S.Ct. 2018 (1978)

Prior to alleged truancy my family had no involvement with the Shenandoah County Juvenile & Domestic Relations Court or the Shenandoah County Department of Social Service, Judge Logan violated commerce clause by unlawfully seizing my son separated for 11 months without ever being afforded a hearing brings ample grounds for 42 USC Section 1983 Defendants maliciously removed Plaintiff's son from home without a warrant, or evidence of abuse or neglect and had no exigent circumstances and failed to reunite plaintiff with her child and ignoring clear and obvious indications that this was appropriate and necessary with knowledge of harm caused to plaintiff and child.

The Defendants actions have interfered with fundamental rights to family integrity violating the First Amendment that protects the Fundamental Right to Intimate Association including family association between parents and children. Deprivation of fundamental liberty rights for even minimal periods of time unquestionably constitute irreparable injury to both child and parent and the unlawful seizure of my son caused deprivation of life and liberty. The Constitution prohibits the removal of a child without a warrant

2

based on emotional harm.
In violation of Virginia Title 8.1, 8.2, 8.3

- 12/21/2018 My sons and I endured a major family crisis after witnessing the traumatic and sudden death of my father in our home. The traumatic experience caused attendance issues for my son with all absences caused by reasons out of his control school year 2019-2020
- 9/22/2020 Shenandoah County Commonwealth of Virginia court officials had reckless disregard for the truth and did not allow all parties to be heard. Not allowing a fair hearing to ever hear high school principal testimony that would have given a completely different outcome if heard my son almost 17 at that time was a high school senior, court hearing alleging truancy. My son was given an improper ruling and was wrongfully convicted of truancy receiving harsh punishments'
- 10/14/2020 Shenandoah County Sheriff's Department came to my home at 11 p.m. to arrest my son for violating a court order caused by my failure to take him to court appointed drug screen the prior week
- October 27, 2020, court hearing regarding truancy, I was ambushed at J&DR Court and subjected to unlawful search and seizure without a warrant, or probable cause in violation of 4th Amendment violating all rights to privacy and unlawfully seizing my son
- Judge Logan allowed Stephanie Danner (former fss) & SCDSS to rule in judicial proceedings and she iniated the unlawful removal of my son, without evidence or probable cause of abuse or neglect ever having occurred. Using coercive power SCDSS did not file a required petition for the removal attached to affidavit proving exigent circumstances but instead Stephanie Danner (former fss) used coercive power causing extreme fear and confusion and him in Juvenile Detention without even probable cause coercively forcing my son from our home by making threats that if I did not comply with the removal then I would lose my son to foster care and demanded I locate a family member or friend that my son could live failing to reunite plaintiff with child and ignoring clear and obvious indications that this was appropriate and necessary with knowledge of harm caused to plaintiff and child. I was never provided with a hearing so that Judge Logan could explain any negative findings against me regarding neglect or abuse, or to decide whether my son should have ever been removed from my custody. Defendants did not relent in their sustained campaign of attack on plaintiff even with knowledge of it being unwarranted.
- SCDSS violated rights to substantive due process under the 14th Amendment by immediately removing my son from our home without a warrant or even probable cause, SCDSS used coercive power forcing the immediate removal of my son and never filed the required petition for removal attached with Affidavit and never made a determination of maltreatment or abuse of my son that would have justified the removal
- The extreme and outrageous conduct of the defendants maliciously alienated me from my son with no probable cause to have ever intervened. Ethical misconduct exposed my son to a completely unreasonable risk of harm in their breach of contract to the obligations they have to their clients and legal duty of care
- I was improperly instructed to do things that I should have never had to do with threats that if I didn't do what was requested then I would go to jail and not get me son back. Although I was in compliance with SCDSS on February 8, 2021, Stephanie Danner former (former fss) and SCDSS with defense attorney Jeremy McCleary who is also the town mayor of Woodstock, Virginia where I reside, with no evidence or probable cause of a crime being committed, initiated criminal proceedings against me. With fictitious claims that Stephanie Danner former fss made false allegations to J&DR Court stating I violated a court order and I was not under a court order, Danner and SCDSS seeking I serve a jail sentence. The J&DR Court having knowledge that there were no set of facts or evidence to support false allegations, J&DR Court accepted the false testimony, and it was published.

- March 25, 2021, I had court hearing regarding fictitious allegations of breaking court order that was unknown to me and Stephanie Danner (former fss) and SCDSS again gave false testimony and withheld exculpatory evidence that would have benefited me. Judge Logan made an improper ruling and wrongfully convicted me, and I was given a jail sentence, when attorney Brad Pollack filed appeal against ruling
- November 6, 2021, I was arrested on the capias for not appearing for appeal regarding unidentified crime and taken to Northwestern Regional Jail in Front Royal, Va. I was held without bond, and I was not allowed an investigation to prove my innocence. The Shenandoah County Commonwealth of Virginia had no evidence that a crime had been committed and I was wrongfully convicted for the second time, and I had no knowledge why I was being detained and I had to serve 34 days at RSW Regional Jail.

**The Fourth Amendment guarantees individuals the fundamental right to be secure in their persons against unreasonable searches and seizures by government officials**
Several courts have held that the removal of children from their home is a seizure implicating the Fourth Amendment. The Supreme Court has long recognized that the Due Process Clause guarantees more than fair process; it also includes a substantive component that provides heightened protections against government interference with fundamental rights and liberty interests. Decisions concerning the care and custody of one's own child constitutes a significant interference with the exercise of a fundamental constitutional right. Deprivation of fundamental liberty rights for even minimal periods of time unquestionably constitute irreparable injury to both child and parent. I was wrongfully convicted for an unidentified crime Unlawful search and seizure without probable cause. County court officials refusal to plead my son's innocence and we were denied, and my son was wrongfully convicted violating equal protections

**Having Contract with the Government**
Public service is public trust requiring employees to place loyalty to the US Constitution, laws, and ethical principles. Each defendant owed me and my family a legal duty of care and breached that duty causing harm to plaintiff and child. The defendants breached a duty of care owed to the plaintiff and child by failing to provide adequate guidance oversight supervision and training. The stated legislative intent of the welfare and institutions code is to preserve and strengthen a child family ties whenever possible removing the child from the custody of his parents only when necessary to his or her welfare. Dependency proceedings are to be initiated only if required to secure the safety and well-being of the child and are strictly for the protection of the child not the punishment of the parent.

**Defamation/Libel, Slander**
Defendant made false and offensive statements about plaintiff under oath, acting with malice and or with gross negligence, holding exculpatory evidence,
Plaintiff suffers damages caused by the actions of defendants

**Cruel and Unusual Punishments**
Prior to this process of legal error my family was not involved with the Shenandoah County Commonwealth of Virginia Juvenile and Domestic Relations Court or the Shenandoah County Department of Social Services.
The complaint filed against each defendant exceeds standards having more than sufficient statement of claim for example the complaint specifically identifies the conduct of defendants and how it has caused irreparable damage to plaintiff and child's relationship, pain and suffering, intentional infliction of emotional and mental distress and economic loss

Section 1983 permits—and the Eleventh Amendment does not bar—official-capacity suits that seek prospective injunctive relief against state officials. –See Ex parte Young, 209 U.S. 123 (1908); see also Williams v. Wisconsin, 336 F.3d 576, 581 (7th Cir. 2003) Parental rights are constitutionally protected

4

rights.

Denied rights to all due process of law, the defendants failed to reunite plaintiff with child and ignoring clear and obvious indications that this was appropriate and necessary with knowledge of harm caused to plaintiff and child. This conduct was the cause of being separated from child for 11 months causing both Plaintiff and child physical, emotional and economic injuries in violation of the 4th and 14th Amendments of the United States Constitution

The Defendants used their position of authority to damage the interest of plaintiff and actions were outrageous by any standard of decency, yet they acted even in the knowledge that their conduct would likely result in serious damage to plaintiff and child with reckless disregard for parent the parent and child well-being. Throughout this cycle of abuse, each defendants conduct was malicious and oppressive with the intention of causing injury if not carried out with deliberate indifference and the callous disregard of plaintiff and child's rights & well-being justifying punitive damages as to each defendant. The defendants' tortious interference with parental rights have clearly violated the spirit of the Constitution.

I have clearly demonstrated that me and my family were "deprived" of rights secured by the United States Constitution. Each of the defendants acted willfully with the wrongful intention of injuring plaintiff and child for improper and immoral motive amounting to malice and the tortious conduct was intentional. False statements and wrongful convictions have caused harm to the plaintiff's reputation, and economic injury to the plaintiff. Fraudulent misrepresentation of defendant material fact. The defendant Stehanie Danner (former fss) and SCDSS knew the statement was false when making it and intended for the plaintiff to rely on the false statement intintuionally causing harm to plaintiff and plaintiffs reputation

The plaintiff suffered damages due to its reliance on the defendant's false statement. For the foregoing reasons and all the others discussed in the Plaintiff's complaint alleging the who, what, where, when, and how. The plaintiff's complaint specifically identifies the actions of the defendants as being wrongful. The process of legal error has caused a cascade of psychological and interpersonal problems my family now suffers. The Defendants have caused irreparable damage to our family and have drastically changed the entire functioning of our lives, leaving us all with a complete loss of trust. We continue to suffer ongoing constitutional injuries due to the actions of defendant. Throughout this cycle of abuse, each defendant's conduct was malicious and oppressive with the intention of causing injury if not carried out with deliberate indifference and the callous disregard of Plaintiff and child's rights & well-being justifying punitive damages as to each defendant. The complaint filed has more than a sufficient statement of the claim and sufficiently alleges causation and harm. The plaintiff's complaint specifically identifies the actions of the defendants as being wrongful. The process of legal error has caused a cascade of psychological and interpersonal problems my family now suffers. The defendants have caused irreparable damage to our family and have drastically changed the entire functioning of our lives, leaving us all with a complete loss of trust creating intangible harm, mental anguish, pain, and suffering. I lost the relationship that I had with my son prior to the unlawful removal, and I am left with complete unrest and deep longing for that time that was maliciously taken by Defendants. The depth of the harm that my son suffers from will never be known I pray the court will grant my motion to reopen and to grant relief to me and my family as we have suffered with major economical loss due to the actions of the defendants and each of them.

**Substantial justice has not been done. I pray this Honorable court to reconsider and reopen the case that were dismissed so that substantial justice is done**

Respectfully Submitted,

Megan Whittington "pro se"
120 Hottel Road
Woodstock, Virginia 22664

On this day 3/2/22 I mailed a copy of this document to Brittany Ashley McGill

5