CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

November 01, 2024

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| MEGAN WHITTINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:21-cv-00066 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| THE SHENANDOAH COUNTY | ) | By:   Hon. Thomas T. Cullen |
| COMMONWEALTH OF VIRGINIA, | ) | United States District Judge |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is back before the court on Plaintiff Megan Whittington's *third* motion to reconsider the court's prior decision dismissing her remaining claims. Like her previous attempts, Whittington's pleading is nothing more than a reiteration of unsupported and conclusory assertions. The court will deny—again—Whittington's attempt to revive this litigation.

As the court noted before, "Rule 60(b) allows a court to relieve a party . . . from a final judgment, order or proceeding on a limited number of grounds." *Justus v. Clarke*, 78 F.4th 97, 105 (4th Cir. 2023) (cleaned up). One of those grounds is "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . ." Fed. R. Civ. P. 60(b)(3). A motion asserting fraud must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Insofar as Whittington claims that the state defendants committed fraud on this court in their written submission—and to be clear, *nothing* in Whittington's filing comes close to establishing that a fraud was committed—it is too late. This case was closed by Order on July 7, 2022. Any

motion to reconsider based on fraud was to be filed by July 7, 2023. Because she failed to do so, her motion is untimely.[1]

Rule 60(b)(6) also contains a "a catch-all provision" that "gives a court authority to relieve a party from a judgment for any other reason not articulated in sections (1) through (5)" of Rule 60(b). *Justus*, 78 F.4th at at 106 (cleaned up). Nonetheless, Rule 60(b)(6) is a narrow rule that "may be invoked in only extraordinary circumstances" so as to not "undermine numerous other rules that favor the finality of judgments." *Aikens v. Ingram*, 652 F.3d 496, 500–01 (4th Cir. 2011) (cleaned up). Rule 60(b)(6) is not an avenue "to give disgruntled plaintiffs a second [or, as in this case, a third or fourth] bite at the apple." *Chang Lim v. Tisack*, No. 7:16-cv-00029, 2017 WL 3273382, at *2 (W.D. Va. Aug. 1, 2017).

The bases Whittington uses to attack the court's conclusions are misapplied. Although she contends that her 22-page, single-spaced filing contains "evidence" of wrongdoing, fraud, and deceit by the defendants, there is nothing approaching evidence in her pleading. Rather, Whittington repeats her unfounded allegations and argues factual points that are conclusively disproven by the record. For example, Whittington says repeatedly that her son was never designated as a Child in Need of Supervision ("CHINS") (*see* Mot. to Reconsider p. 3 [ECF No. 53] ("There were no court hearings that adjudicated my son as a child in need of supervision . . . .")), but the court cited the very order declaring him to be (*see* Mem. Op. at 3 [ECF No. 47] (citing ECF No. 10-2, Ex. 3)).

---

[1] The court notes that all three of her motions to reopen/reconsider were filed more than a year after the conclusion of this case. (*See* ECF Nos. 49 (filed March 20, 2024), 51 (filed June 14, 2024), 53 (filed October 17, 2024).)

Moreover, Whittington's pleading, while an attempt to reopen her case, establishes additional grounds to dismiss her action. She contends, over and over, that the state court's CHINS order—the one Whittington asserts doesn't exist, and the same order that she claims at other points exists but that she didn't receive notice of, and the one that she later contends exists but is based on fraud—was the basis of her harm. Whittington argues that the method by which the order was procured and its issuance violated her fundamental parental rights. This argument definitively establishes that her claims, or at least some of them, are barred by the *Rooker-Feldman* doctrine, which holds that "federal district courts lack jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Moser v. Halifax Cnty., Va., Bd. of Supervisors*, No. 4:24-cv-00010, 2024 WL 4381165, at *3 (W.D. Va. Oct. 3, 2024) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). That is exactly what Whittington's latest filing alleges happened, and it is that alleged harm for which she seeks redress. She contends it was the *state court's action* in declaring her son a CHINS that caused her harm. This court simply has no role under those circumstances, and Whittington's recourse—as it has always been—is an appeal of her state-court action.

As noted above, this is Whittington's third motion to reopen her case and/or reconsider the court's prior ruling. The court will not entertain a fourth, and Whittington may be sanctioned if she persists in her refusal to accept the court's judgment. While she is not

required to agree with the court's decision, the time has come to either accept or appeal it.[2]

Her motion to reopen her case/reconsider the court's prior ruling (ECF No. 53) is **DENIED**.

The Clerk is directed to forward a copy of this Order to the parties.

**ENTERED** this 1st day of November, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[2] Given that over two years have elapsed since the court entered its ruling, it is unlikely that any appeal would even be timely. *See* Fed. R. App. P. 4(a)(1)(A) (noting that a notice of appeal must be filed within 30 days "after entry of the judgment or order appealed from").